COPY

FILED

11 JAN 19 PM 1:43

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:___

1  RUSSELL HAYMAN (SBN 110643)
   rhayman@mwe.com
2  McDERMOTT WILL & EMERY LLP
   2049 Century Park East
3  Suite 3800
   Los Angeles, CA  90067-3218
4  Telephone:  +1 310 277 4110
   Facsimile:  +1 310 277 4730
5
6  Attorneys for Defendant
   GILAT SATELLITE NETWORKS LTD.
7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  STM GROUP, INC., a Delaware        SACV11-00093 DOC (RZx)
    corporation; and EMIL
12  YOUSSEFZADEH, an individual,       DEFENDANT GILAT SATELLITE
                                       NETWORKS LTD. NOTICE OF
13              Plaintiff,             REMOVAL OF ACTION UNDER 28
                                       U.S.C. § 1446
14      v.
                                       [Orange County Superior Court Case
15  GILAT SATELLITE NETWORKS            No. 00433924]
    LTD., and DOES 1 through 100,
16  inclusive,

17              Defendants.

18

19  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20      PLEASE TAKE NOTICE that defendant GILAT SATELLITE

21  NETWORKS LTD. ("Defendant" or "Gilat"), hereby removes to this Court the

22  above-captioned action, presently pending in the Superior Court of the State of

23  California for the County of Orange as Case No. 00433924, to the United States

24  District Court for the Central District of California.  As grounds for removal to this

25  Court, Gilat states as follows:

26

27

28

DM_US 27453572-3.087015.0012                     -1-

## BACKGROUND

1.      On December 17, 2010, plaintiff STM GROUP, INC. ("STM") and

EMIL YOUSSEFZADEH ("Plaintiffs") filed an action in the Superior Court of the

State of California, in and for the County of Orange, entitled: <u>STM GROUP, INC.</u>

<u>vs. GILAT SATELLITE NETWORKS LTD.</u>, as Case No. 00433924 ("State Court

Action").  As required by 28 U.S.C. §1446(a), a true and correct copy of Plaintiffs'

Complaint ("Complaint") and/or any documents purportedly served on Defendant

Gilat is attached hereto as Exhibit A.

2.      The Complaint was improperly served on and received by Spacenet

Inc. ("Spacenet"), a subsidiary of Defendant Gilat, on December 20, 2010 in

Virginia via personal service on an employee of Spacenet.   This Notice of Removal

is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after any

defendant was served with a copy of the Complaint and corresponding summons,

which has not even occurred because Gilat has not been served.

3.      This Court is the appropriate court to which the action must be

removed because it is part of the district and division within which Plaintiff filed

this action in Orange County, California. 28 U.S.C. § 1446(a).

4.      A copy of this Notice of Removal will be filed contemporaneously

with the Clerk of the Superior Court of the State of California for the County of

Orange, and will be served contemporaneously on all counsel of record, as required

by 28 U.S.C. § 1446(d).

DM_US 27453572-3.087015.0012

-2-

5.     Actions removed to federal court from state court are to proceed as if they had been commenced in federal court.  A removing party does not waive any objections, including objections to the mode of service of process or personal jurisdiction, solely by removing the case to federal court. *See, e.g., Pennebacker v. Kawasaki Motors Corp.*, 155 F.R.D. 153, 157 (S.D.Miss. 1994) (No. CIV. A.3:93-CV-452WS), *(finding that the foreign defendant did not waive its objections to plaintiff's defective mode of service under The Hague Convention by seeking removal of the case).*   By filing Defendant Gilat's Notice of Removal, Defendant does not waive any objections as to jurisdiction or service of process or any defense that is or may be available to it.

## REMOVABILITY AND JURISDICTION

6.     Pursuant to 28 U.S.C. § 1441(a), a defendant may remove any civil action brought in state court to United States district court, where the district court has original jurisdiction of such action.

7.     Pursuant to 28 U.S.C. § 1332(a)(2), district courts have original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and where the suit is between "citizens of a State and citizens or subjects of a foreign state."  A civil action may be removed to district court only where no defendant is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b).

8.     As demonstrated below, this Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a)(2), and Defendant Gilat hereby properly removes the State Court Action to this Court.

9.     Plaintiff STM is allegedly organized under the laws of Delaware with its principal place of business in Orange County, California.  (Compl. ¶ 1.)  Plaintiff Emil Youssefzadeh is allegedly a resident of Palos Verdes Estates, California. (Compl. ¶ 2.)

10.     Defendant Gilat is a corporation organized under the laws of, and with its principal place of business in, Israel.  (Compl. ¶ 3.)    Accordingly, Gilat is a citizen of Israel.  28 U.S.C. § 1332(c)(1).

11.     Pursuant to 28 U.S.C. § 1441(a), "the citizenship of defendants sued under fictitious names shall be disregarded."  Thus, Plaintiffs' identification of "Does 1 through 100, inclusive" as defendants in this action should be disregarded.

12.     As required by 28 U.S.C. § 1332(a), the amount in controversy in this action exceeds $75,000, exclusive of interests and costs.  Plaintiffs allege that the STM Group has been damaged in the approximate amount of $6 million, the exact amount of which will allegedly be proven at trial. (Compl. ¶ 18.)

13.     This Notice of Removal has been timely filed.  There is complete diversity of citizenship between Plaintiffs, on the one hand, and Defendant Gilat, on the other hand.  The amount in controversy in the State Court Action exceeds

$75,000, exclusive of interests and costs.  Therefore, removal of the State Court Action is proper pursuant to 28 U.S.C. § 1441(a) and § 1332(a)(2).

**WHEREFORE**, Gilat respectfully removes this action from the Superior Court of the State of California for the County of Orange, Case No. 00433924, to the United States District Court, Central District of California.  Gilat further prays that:  (1) this Court proceed in this action pursuant to 28 U.S.C. § 1447 as if this action had been originally been filed in this Court, and (2) that further proceedings in the state court action be stayed in all respects.

Dated:    January 19, 2011

**McDERMOTT WILL & EMERY LLP**

By: _____
RUSSELL HAYMAN
Attorney for Defendant
GILAT SATELLITE NETWORKS
LTD.

DM_US 27453572-3 087015.0012

-5-

# EXHIBIT A

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GILAT SATELLITE NETWORKS LIMITED, and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
STM GROUP, INC., a Delaware corporation; and EMIL YOUSSEFZADEH, an individual,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**DEC 17 2010**

ALAN CARLSON, Clerk of the Court

BY: A. RINCON DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
ORANGE COUNTY SUPERIOR COURT
Central Justice Center
700 Civic Center Drive West
Santa Ana, CA 92702

CASE NUMBER:
*(Número del Caso):*
00 43392 4

JUDGE LINDA S. MARKS

C07

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gerald A. Klein, P.C. - Bar No. 107727
Mark B. Wilson, P.C. - Bar No. 137400
KLEIN & WILSON
326 Old Newport Boulevard, Newport Beach, CA 92663

Tel: (949) 631-3300 Fax: (949) 631-3703

DATE: **DEC 17 2010** **ALAN CARLSON** Clerk, by **AMANDA RINCON**, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Gilat Satellite Networks Limited

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* limited liability company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**



Code of Civil Procedure §§ 412.20, 465

6

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Gerald A. Klein, P.C. - Bar No. 107727<br>Mark B. Wilson, P.C. - Bar No. 137400<br>KLEIN & WILSON<br>326 Old Newport Boulevard<br>Newport Beach, CA 92663<br>TELEPHONE NO.: (949) 631-3300    FAX NO.: (949) 631-3703<br>ATTORNEY FOR (Name): Plaintiffs STM Group, Inc. and Emil Youssefzadeh | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>DEC 17 2010<br><br>ALAN CARLSON, Clerk of the Court<br><br>BY: A. RINCON _____ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92702
BRANCH NAME: Central Justice Center

CASE NAME: STM Group, Inc., et al. v. Gilat Satellite Networks Limited, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>30-2010<br>**00433924** |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: JUDGE LINDA S. MARKS<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [X] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action (specify): (1) intentional interference with a contract; and (2) defamation

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 16, 2010

Gerald A. Klein, P.C.
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

COPY

1  GERALD A. KLEIN, P.C. - Bar No. 107727
   MARK B. WILSON, P.C. - Bar No. 137400
2  KLEIN & WILSON
   A Partnership of Professional Corporations
3  326 Old Newport Boulevard
   Newport Beach, California 92663
4  (949) 631-3300; Facsimile (949) 631-3703

5  Attorneys for Plaintiffs STM GROUP, INC. and
   EMIL YOUSSEFZADEH

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

DEC 17 2010

ALAN CARLSON, Clerk of the Court

BY   A. RINCON   DEPUTY

8  IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10  00433924

| | |
|---|---|
| STM GROUP, INC., a Delaware corporation; and EMIL YOUSSEFZADEH, an individual, | Case No. _____ |
| Plaintiffs, | COMPLAINT FOR: (1) INTENTIONAL INTERFERENCE WITH CONTRACT; AND (2) DEFAMATION; DEMAND FOR JURY TRIAL |
| vs. | |
| GILAT SATELLITE NETWORKS LIMITED, and DOES 1 through 100, inclusive, | JUDGE LINDA S. MARKS C07 |
| Defendants. | |

Plaintiffs STM Group, Inc. ("STM Group") and Emil Youssefzadeh ("Youssefzadeh") allege as follows against defendants Gilat Satellite Networks, Limited ("Gilat"), and Does 1 through 100, inclusive (collectively "Defendants").

1. STM Group is a corporation with its principal place of business in Orange County, California.

2. Youssefzadeh is a resident of Palos Verdes Estates, California.

3. Gilat is an Israeli company with its principal place of business in Israel. It has minimum contacts with California, including acquiring a company called Wavestream Corporation ("Wavestream") for approximately $130 million. On information and belief, Wavestream is based in California.

///

4.      Does 1 through 100, inclusive, are defendants whose identities have not yet been ascertained. They are individuals, partnerships, corporations, or some other business entity. On information and belief, each Doe defendant was somehow responsible for the damages caused in this case. As soon as the true identities and capacities of the Doe defendants have been ascertained, the complaint will be amended to reflect the true names and capacities of each Doe defendant.

5.      Each defendant was the agent, alter-ego, employee, principal, partner, joint venturer, employer, or in some other capacity derivatively responsible for each of the acts of the other defendants.

## FIRST CAUSE OF ACTION

## FOR INTENTIONAL INTERFERENCE WITH CONTRACT

### (By STM Group Against All Defendants)

6.      STM Group incorporates by references paragraphs 1 through 5 as though fully set forth herein.

7.      On August 3, 2009, STM Group received notice of award for a public tender in Peru (the "Tender").

8.      Based on the notice of award, on September 3, 2009, STM Group entered into a contract with the Peruvian government department knows as EL MINISTERIO DE DEFENSA – Servicio de Comunicaciones del Ejército (the "Peruvian Army"), pursuant to which STM Group was to deliver certain satellite communications products and services to the Peruvian Army as a turnkey system (the "System").

9.      Under the terms of the contract, STM Group was to be paid a total of $5,572,000 upon installation and acceptance of the System.

10.      STM Group completed the delivery and installation of the System, and received written acceptance pursuant to the terms of the contract on October 22, 2010. The System was inaugurated on December 1, 2010 by the president of Peru in a formal inauguration ceremony. Final payment of $5,572,000 was due on or before November 21, 2010.

11.      Gilat had also bid on the Tender, which STM Group ultimately won, and it was very disappointed when STM Group and not Gilat was selected for the award.

///

12.     On information and belief, Gilat was extraordinarily angry about having lost this valuable contract.

13.     Rather than simply look forward to winning another contract, Gilat maliciously took steps with friends and officials inside the Peruvian Government to make sure STM Group could not be paid under the contract.

14.     Gilat and its authorized agents engaged in a campaign of vicious rumors, including telling unknown members of the Peruvian Government, military, and congress and the press that STM Group's president, Youssefzadeh: (1) was associated with arms dealers; (2) was part of a mafia; (3) was an Arab citizen; and (4) was engaged in suspicious activity.

15.     Gilat and its authorized agents also made the following untrue statements about STM Group and the contract it had won, including: (1) STM Group did not participate in proper bidding procedures; (2) the contract was awarded to STM Group under suspicious circumstances, since STM Group did not meet certain bidding requirements; (3) STM Group had engaged in an illegal sale of MIG-29 fighters to Peru 10 years earlier; (4) Gilat's bid was $1 million less than STM Group's bid; (5) the scope of the project included only 67 satellite stations; (6) Arabs own STM Group; (7) STM Group's products were not properly certified; (8) STM Group was not enrolled in the State Register as a supplier to Peru; (9) STM Group did not have legal representatives in Peru; (10) STM Group's invoices were fraudulent; (11) the System supplied by STM Group was not encrypted; and (12) STM did not meet the tender requirements.

16.     As a direct result of this campaign of innuendo and disparagement, Gilat intended to cause the Peruvian Army not to pay STM Group $5,572,000 owed on the contract, thereby breaching the contract.

17.     As a direct result of Gilat's false and malicious actions, the Peruvian Army breached its contract with STM.

18.     STM Group has been damaged in the approximate amount of $6 million, the exact amount of which will be proven at trial.

19.     In engaging in these acts, Gilat has acted with malice, oppression, and fraud. Therefore, the court should award STM Group punitive damages in an amount to be determined at trial.

STM.GILAT\PLD#1*
(12/17/10)

## SECOND CAUSE OF ACTION

## FOR DEFAMATION

### (By Youssefzadeh Against All Defendants)

20.    Youssefzadeh incorporates by references paragraphs 1 through 5 and 7 through 19 as though fully set forth herein.

21.    Youssefzadeh is the president of STM Group.

22.    On information and belief, Gilat passed rumors to yet unknown but powerful and influential members of the Peruvian military, government, and other public officials for the sole purpose of convincing these powerful forces not to pay STM Group on its contract.

23.    In taking these actions, Gilat's agents and employees made the following false statements to people and entities who had the power to stop the government from paying STM Group: (1) Youssefzadeh was involved in criminal enterprises, including selling MIG-29 fighters to Peru; and (2) Youssefzadeh was associated with the mafia.

24.    In fact, none of these statements were true and Gilat knew they were false.  Gilat made these statements for the sole purpose of convincing the Peruvian Army not to pay STM Group on its contract.

25.    As a result of this defamation, Youssefzadeh has suffered damages in an amount to be proved at trial.

26.    In addition, Gilat made these statements with malice, oppression, and fraud and, therefore, should be subject to punitive damages in an amount to be proved at trial.

WHEREFORE, STM Group and Youssefzadeh pray as follows:

As to All Causes of Action:

1.    For damages according to proof;

2.    For exemplary damages;

///
///
///
///

3.    For costs of suit; and

4.    For any and all relief the court may deem just and proper.

KLEIN & WILSON

Dated: December 16, 2010          By: _____
                                      Gerald A. Klein, P.C.
                                      Attorneys for Plaintiffs STM Group, Inc. and Emil
                                      Youssefzadeh

## DEMAND FOR JURY TRIAL

Plaintiffs STM Group, Inc. and Emil Youssefzadeh demand a jury trial in this matter.

KLEIN & WILSON

Dated: December 16, 2010          By: _____
                                      Gerald A. Klein, P.C.
                                      Attorneys for Plaintiffs STM Group, Inc. and Emil
                                      Youssefzadeh

5

**COMPLAINT; DEMAND FOR JURY TRIAL**

12

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**INFORMATION PACKAGE**

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. January 2010)

Page 2 of 4

14

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:

- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West. Santa Ana, CA 92701-4045

under section 1281 of the Code of Civil Procedure

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

17

☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

**ALTERNATIVE DISPUTE RESOLUTION (ADR)
NEUTRAL SELECTION AND PARTY LIST**

☐ Arbitration  ☐ Mediation  ☐ Neutral Evaluation

CASE NUMBER:

**(ATTACH THIS FORM TO FORM L-1270, ALTERNATIVE DISPUTE RESOLUTION (ADR)
STIPULATION, AND FILE IT WITH THE COURT.)**

## ADR NEUTRAL SELECTION

For Arbitration, parties may select a Neutral and Alternate or may have a Neutral randomly assigned from the Court's Panel.  For Mediation and Neutral Evaluation, parties must select a Neutral and an Alternate below.

☐ For Arbitration, please check this box to have an arbitrator assigned at random.

The parties select the following Neutral and Alternate from the Court ADR Panel:

Neutral: _____

Alternate: _____

The above named Neutral will be notified by a Notice of Assignment of ADR Neutral that he or she has been selected as the neutral in this proceeding.  In the event the neutral does not accept the assignment, a new Notice of Assignment of ADR Neutral will be sent to the above named Alternate.  The assignment of the Alternate to serve as the Neutral does not extend the time to complete the ADR process.

**ALTERNATIVE DISPUTE RESOLUTION (ADR)
NEUTRAL SELECTION AND PARTY LIST**

Adopted for Mandatory Use
L2748 (New February 2008)

www.occourts.org

18

| Short Title: | Case Number: |
|---|---|

## PARTY LIST
### (Including Affiliates)

The parties agree that the ADR Session may be conducted on one of the following dates:

1._____ , 2._____ 3._____ 4._____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for:_____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for:_____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for:_____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for:_____

This Party List must also include the full names, addresses, and phone numbers of corporate parties' parent and subsidiary corporations, and of all insurance carriers. Counsel must immediately notify the neutral upon discovery if any attorney or self-represented party is not listed on this Party List Form.

☐ Attach additional copies of this page if necessary to include additional parties, affiliated entities or insurance carriers.

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## NEUTRAL SELECTION AND PARTY LIST

Adopted for Mandatory Use
L2748 (New February 2008)

www.occourts.org

19

# SUPERIOR COURT OF CALIFORNIA
## ORANGE COUNTY – CENTRAL JUSTICE CENTER
## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
### Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207
### Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C19 | MARGINES 657-822-5219 | Wednesday 1:30 p.m. | Daily 1:30 p.m. | 10:00 a.m. | 10:30 a.m. | No | Notice must be given to opposing party by 10:00 a.m. day before ex parte hearing. |
| C7 | MARKS 657-822-5207 | Friday 10:30 a.m. | M,T,W,TH 1:30 p.m. | Reservation must be made with courtroom day before the hearing by noon | 10:30 a.m. | | Motions for Summary Judgment must be reserved with C-7 prior to filing by calling (657)822-5207 |
| C21 | MCEACHEN 657-822-5221 | Tuesday 1:30 p.m. | M, T, W, TH 9:00 a.m. | 12:00 p.m. | 3:00 p.m. | yes | |
| C14 | MILLER 657-822-5214 | Tuesday 1:30 p.m. | T, W, TH, F 8:30 a.m. | 9:00 a.m. | 4:00 p.m. if day prior to the Ex Parte hearing is Monday-Thursday; 3:00 P.M. if day prior to the Ex Parte hearing is Friday. | Yes noon day of hearing | If Monday is a holiday, law and motion is heard on Thursday at 1:30 p.m. NOTE: for L&M, Dept. C14 requires parties call the dept. to check availability of a motion date prior to filing their motion by calling (657) 822-5214. To schedule an ex parte matter the moving party/attorney shall contact the courtroom clerk (657) 822-5214 to reserve a date no later than noon, the day prior to the hearing. Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves the right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT |

20

# SUPERIOR COURT OF CALIFORNIA
## ORANGE COUNTY – CENTRAL JUSTICE CENTER
## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
### Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207
### Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C12 | MOBERLY 657-622-5212 | Friday 1:30 p.m. | M, T, W, TH 1:30 p.m. | Noon | 3:00 p.m. | Yes 4:30 p.m. the day before | If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing. To schedule an ex parte matter the moving party/attorney shall contact the courtroom clerk (657) 622-5212 to reserve a date no later than noon, the day prior to the hearing.<br><br>Motions for Summary Judgment must be reserved with C12 prior to filing by calling (657)622-5212. |
| C16 | MONROE 657-622-5216 | Tuesday 2:00 p.m. | T, W, TH 8:30 a.m. | Noon | 4:00 p.m. if day prior to the Ex Parte hearing is Monday-Thursday; 3:00 P.M. if day prior to the Ex Parte hearing is Friday. | Yes 4:00 p.m. the day before | If Monday is a holiday, law and motion is heard on Thursday at 2:00 p.m. |
| C23 | MOSS 657-622-5223 | Friday 10:00 a.m. | Daily 8:30 a.m. | Not required | 12:00 p.m. | Yes 4:00 p.m. the day before | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT |
| C13 | MUÑOZ 657-622-5213 | Thursday 2:00 pm | M, T, W, TH 8:30 a.m. | 10:00 a.m. | Noon | Yes 4:00 p.m. the day before | |
| C64 | MYERS 657-622-5264 | Thursday Unlimited/ Omni 1:30 p.m. Limited 2:30 p.m. | M, T, W, TH 1:30 p.m. Fri 11:00 a.m.- emergency only | 4:00 p.m. if day prior to the hearing is Monday-Thursday; 3:00 P.M. if day prior to the hearing is Friday. | M, T, W, Th, 10:00 a.m. day of ex parte; Friday 9:00 a.m. day of ex parte | No | |
| C8 | NAKAMURA 657-622-5208 | Thursday 2:00 p.m. | M, T, W, TH 1:30 p.m. | 24 hours, the day before the hearing | M, T, W, Th, 10:00 a.m. day of ex parte | Yes 4:00 p.m. the day before | Counsel must reserve a motion date with the courtroom, prior to setting the motion. |

21

1

## PROOF OF SERVICE

2

I, Christi L. Gilbert, declare:

3

I am a citizen of the United States and employed in Los Angeles County, California.  I am

4

over the age of eighteen years and not a party to the within-entitled action.  My business address

5

is 2049 Century Park East, Suite 3800, Los Angeles, California  90067-3218.  On January 19,

6

2011, I served a copy of the within document(s):

7

## DEFENDANT GILAT SATELLITE NETWORKS LTD. NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1446

8

9

☒        by placing the document(s) listed above in a sealed envelope with postage thereon
           fully prepaid, in the United States mail at Los Angeles, California addressed as set
           forth below.

10

11

12

Gerald A. Klein, P.C.
Mark B. Wilson, P.C.

13

KLEIN & WILSON
326 Old Newport Boulevard

14

Newport Beach, CA  92663
Tel:  (949) 631-3300

15

Fax:  (949) 631-3703

16

I am readily familiar with the firm's practice of collection and processing correspondence

17

for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

18

day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

19

motion of the party served, service is presumed invalid if postal cancellation date or postage

20

meter date is more than one day after date of deposit for mailing in affidavit.

21

I declare that I am employed in the office of a member of the bar of this court at whose

22

direction the service was made.

23

Executed on January 19, 2011, at Los Angeles, California.

24

25

26

_Christi L. Gilbert_
Christi L. Gilbert

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

DM_US 27480433-1.087015.0012

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA


### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## SACV11- 93 DOC (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| STM GROUP, INC., a Delaware corporation; and EMIL YOUSSEFZADEH, an individual | GILAT SATELLITE NETWORKS LIMITED, and DOES 1 through 100, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Gerald A. Klein, P.C. and Mark B. Wilson, P.C.<br>KLEIN & WILSON<br>326 Old Newport Boulevard, Newport Beach, CA 92663   (949) 631-3300 | Russell Hayman<br>McDERMOTT WILL & EMERY LLP<br>2049 Century Park East, Suite 3800<br>Los Angeles, CA 90067    (310) 277-4110 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ Approximately $6 million

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff purports to assert claims sounding in tortious interference with contract and defamation.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☒ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____   **SACV11-00093**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County<br>Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Israel |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note:  In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Peru |

*\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties*
Note:  In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date  __1/19/11__

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |